**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES CARR, | No. 08-17346 |
| Plaintiff, | D.C. No. 3:06-cv-00197-LDG-RAM |
| and | |
| HUSSEIN S. HUSSEIN; RICHARD SCHWEICKERT, | MEMORANDUM[*] |
| Plaintiffs - Appellants, | |
| v. | |
| NEVADA SYSTEM OF HIGHER EDUCATION; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Lloyd D. George, District Judge, Presiding

Submitted September 10, 2012[**]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:     WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Plaintiffs Hussein S. Hussein and Richard Schweickert appeal from the district court's summary judgment in their 42 U.S.C. § 1983 action alleging constitutional violations and state law breach of contract arising out of their employment as faculty members at the University of Nevada, Reno. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Native Vill. of Noatak v. Blatchford*, 38 F.3d 1505, 1509 (9th Cir. 1994) (mootness); *Coszalter v. City of Salem*, 320 F.3d 968, 973 (9th Cir. 2003) (summary judgment). We may affirm on any basis supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

The district court properly determined that plaintiffs' grievance process claims were moot because of the subsequent changes in the Nevada System of Higher Education Code that again provide a grievance process for faculty evaulations. *See Chem. Producers. & Distrib. Ass'n v. Helliker*, 463 F.3d 871, 875 (9th Cir. 2006) ("Where intervening legislation has settled a controversy involving only injunctive or declaratory relief, the controversy has become moot." (citation and internal quotations omitted)). Further, plaintiffs have not demonstrated that this case falls within the "capable of repetition yet evading review" exception to the mootness doctrine. *Native Vill. of Noatak*, 38 F.3d at 1509-10 (discussing

"capable of repetition yet evading review" exception).

Summary judgment was also proper on plaintiffs' claims regarding the contents of faculty members' employment files because plaintiffs failed to demonstrate an actual injury or real and immediate threat of future harm. *See O'Shea v. Littleton*, 414 U.S. 488, 496 (1974).

Because we affirm on the basis of mootness and standing, we need not reach the merits of plaintiffs' remaining contentions.

**AFFIRMED.**

08-17346